74

**Ana Cecilia ROSAS–CABRERA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75041.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 28, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ana Cecilia Rosas–Cabrera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' denial of her motion to reopen the BIA's underlying denial of her application for cancellation of removal based on petitioner's failure to establish exceptional and extremely unusual hardship to her qualifying relative. In her motion to reopen, petitioner presented additional evidence that her United States citizen daughter's anxiety had increased, and that she also suffered from depression, so as to constitute exceptional and extremely unusual hardship.

The evidence that petitioner presented with her motion to reopen concerned the same basic hardship grounds as her application for cancellation of removal, *see Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006), and we therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601. Petitioner's statement that the BIA's refusal to reopen constituted a denial of due process does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.